IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JERRY FRANKLIN PARKS,                                                                PETITIONER
Reg. #09825-076

v.                                           2:17CV00028-KGB-JJV

GENE BEASLEY,
Warden, FCI - Forrest City Low                                                       RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.  PROCEDURAL HISTORY

On October 13, 1999, a jury in the Eastern District of Tennessee convicted Petitioner Jerry Parks of one count of felon in possession of a firearm and two counts of felon in possession of firearms and ammunition, all in violation of 18 U.S.C. § 922(g)(1). The Court imposed judgment on June 30, 2000, sentencing him to 250 months' imprisonment on each count, to run concurrently, and five years of supervised release. *United States v. Parks*, No. 03:98-cr-162 (E.D. Tenn.). Mr. Parks appealed, and the United States Court of Appeals for the Sixth Circuit affirmed his convictions and sentence. *United States v. Parks*, 30 Fed. Appx. 534 (6th Cir., March 4, 2002).

In 2007, Mr. Parks filed a 28 U.S.C. § 2255 motion to vacate sentence in the Eastern District of Tennessee. *Parks v. United States*, 2007 U.S. Dist. LEXIS 38564 (2007). The Court denied Mr. Parks's motion and denied a certificate of appealability. (*Id.*)

Now, Mr. Parks, an inmate at the Forrest City Low Federal Correctional Institute,[1] seeks relief from this Court through the filing of a 28 U.S.C. § 2241 habeas Petition. (Doc. No. 1.) For

---

[1] Mr. Parks states he served his original 250-month sentence but is presently serving a 24-month revocation of supervised release. Doc No. 2 at 5-6. On March 1, 2017, I confirmed with the United States Probation Office, Eastern District of Tennessee, that Mr. Parks's current incarceration is the result of a revocation of supervised release in that district in case number 3:90CR0028-001.

the following reasons, I find this Court lacks jurisdiction and recommend the Petition be dismissed, or transferred to the Eastern District of Tennessee.

**II.   ANALYSIS**

At the outset, I note that Mr. Parks raises essentially one argument in the current Petition – that he is not an armed career criminal as that term is used in 18 U.S.C. § 924 (e). This argument is one of the arguments he raised on direct appeal which the Sixth Circuit rejected, and also the same argument the District Court for the Eastern District of Tennessee again rejected in his § 2255 motion. Mr. Parks adds new contours to his prior arguments by stating he is a "pre-Booker" (*United States v. Booker*, 543 U.S. 220 (2005)) offender. (Doc. No. 2, at 2.) He also advances the idea that *Mathis v. United States*, __ U.S. __, 136 S.Ct. 2243 (2016), invalidates at least one of the predicate offenses that was used to convict him as an armed career criminal.

However, inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). It is clear to me that Mr. Parks is arguing, again, about the validity of being sentenced as an armed career criminal. He states, "The Petitioner is not an Armed Career Criminal and this provision must be removed." (Doc. No.

3

2 at 10.)

Mr. Parks cites to *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), and argues – somewhat persuasively – that this Court should exercise jurisdiction over his claims through § 2255(e) "savings clause." *Id*. at 594-595. But the *Hill* decision was narrowly tailored and does not apply to a prisoner serving a revocation of supervised release sentence. *Id.* at 599-600.

As a purely practical matter, it is the sentencing court that is in the best position to address Mr. Parks's claims. As the Sixth Circuit Court of Appeals so aptly said:

> Our decisions indicate that § 2255 is intended to be an avenue of relief to be pursued before the court which imposed sentence. In *Martin v. Perez*, 319 F.3d 799, 802-03 (6th Cir. 2003), we explained that Congress enacted § 2255 as a means of ensuring a simpler method of review by vesting jurisdiction in the sentencing jurisdiction, which already has a record of the case, rather than in the jurisdiction of confinement, which would typically have to start from scratch. Section 2255 is not a different form of relief from § 2241, but rather, a different avenue intended to provide a more convenient process for prisoners who can pursue relief before the sentencing court. *Id*. The savings clause of § 2255 provides that, on a showing that the § 2255 remedy is "inadequate or ineffective to test the legality of the detention," a prisoner may seek a writ of habeas corpus under § 2241.

*Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004).

All of the *Witham* criteria apply here. Having tried and failed at a § 2255 petition in the Eastern District of Tennessee does not automatically render such a petition ineffective or inadequate as a matter of law. Mr. Parks could apply to the Sixth Circuit for permission to file another § 2255 petition. In fact, for this Court to be permitted to invoke jurisdiction over his § 2241 Petition, Mr. Parks must prove the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). On this point, Mr. Parks states:

> As Parks has previously sought relief under a 28 U.S.C. § 2255 motion, and he cannot qualify for permission to seek leave to file a successive § 2255, he seeks relief from this Court in the form of habeas corpus under 28 U.S.C. § 2241 as he relies on a statutory interpretation case, i.e. *Mathis* and *Hill*, and 28 U.S.C. § 2241 is an

4

"inadequate or ineffective remedy to test the legality of his detention." Savings Clause relief is therefore his only avenue available to him for which relief can be granted.

(Doc. No. 2 at 2.) Although Mr. Parks says "he cannot qualify for permission" to file a successive § 2255 petition, nothing in the record indicates he has even asked. *Abdullah*, 392 F.3d at 960.

Accordingly, the Eastern District of Arkansas lacks jurisdiction so this Petition must be dismissed or transferred. And because Mr. Parks is serving a sentence for violating his supervised release, the entire foundation upon which he seeks relief is flawed. Therefore, I recommend dismissal of his Petition rather than transfer.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. No.1) be dismissed for lack of jurisdiction.

DATED this 3rd day of March, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE