IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JERRY FRANKLIN PARKS,
Reg. #09825-076                                                                    PLAINTIFF

v.                      Case No. 2:17-cv-00028-KGB/JJV

GENE BEASLEY,
Warden, FCI – Forrest City Low                                                     DEFENDANT

# ORDER

The Court has reviewed Proposed Findings and Recommendations ("Recommendation") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 5). Plaintiff Jerry Franklin Parks filed objections to the Recommendation (Dkt. No. 8). After careful consideration of the Recommendation, Mr. Parks's objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.

The Court writes separately to address Mr. Parks's objections. Mr. Parks first asserts that seeking leave from the United States Court of Appeals for the Sixth Circuit to file a second 28 U.S.C. § 2255 motion would be an exercise in futility and a waste of judicial resources, and thus, the "savings clause" in §2255(e) is his only means of relief. Mr. Parks states that a dismissal based on jurisdiction that does not address the merits of Mr. Parks's actual innocence claim will result in a fundamental miscarriage of justice. Mr. Parks finally asserts that this Court does have jurisdiction over this claim under the "savings clause" § 2255(h) and that failure to allow savings clause relief will trap Mr. Parks in the "habeas corpus death loop."

Mr. Parks's assertions fail. To file a second or successive habeas motion, an individual must proffer either new evidence or "a new rule of constitutional law, made retroactive to cases

on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C.S. § 2255(h)(2). In *Johnson v. United States,* the Supreme Court of the United States held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(ii), was a violation of the Constitution's guarantee of due process. 135 S. Ct. 2551, 2563 (2015). *Johnson* was later declared a substantive decision with retroactive effect. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Accordingly, Mr. Parks has the ability to proffer a new, retroactive rule of constitutional law making the filing of a second habeas motion possible. In fact, the Eighth Circuit Court of Appeals has granted at least one petitioner authorization to file a successive § 2255 motion on these grounds. *See Woods v. United States*, 805 F.3d 1152, 1154 (8th Cir. 2015). The Sixth Circuit has granted multiple authorizations. *See, In re Phx.*, No. 16-1815, 2017 U.S. App. LEXIS 5292, at *3 (6th Cir. Jan. 19, 2017); *In re Forrest*, No. 16-5877, 2016 U.S. App. LEXIS 23802, at *3 (6th Cir. Dec. 21, 2016); *In re White*, No. 16-5678, 2016 U.S. App. LEXIS 23803, at *3 (6th Cir. Oct. 25, 2016).

Therefore, because seeking leave from the Sixth Circuit Court of Appeals may not be futile, this Court determines that the "savings clause" is not Mr. Parks's only means of relief, a dismissal on jurisdiction will not result in a fundamental miscarriage of justice, and Mr. Parks will not be trapped in a "habeus corpus death loop," The Recommendation is adopted, and Mr. Parks's Petition for Writ of Habeas Corpus is dismissed for a lack of jurisdiction (Dkt. No. 1).

It is so ordered this the 8th day of November 2017.

*Kristine G. Baker*
―――――――――――――――
Kristine G. Baker
United States District Judge